UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ROYAL FOOT, LLC,**
Plaintiff,

v. 2:26-cv-2616-KCD-NPM

**VANTAGE RISK SPECIALTY INSURANCE COMPANY** and
**TOWER HILL INSURANCE GROUP, LLC,**
Defendants.

---

## ORDER

On August 24, 2026, plaintiff Royal Foot, LLC initiated this breach-of-contract action against defendants Vantage Risk Specialty Insurance Company and Tower Hill Insurance Group, LLC in state court. (Doc. 1-1). Apparently, Vantage Risk underwrote and issued the insurance policy, while Tower Hill (and/or its affiliated entities) served as Vantage Risk's general agent, policy administrator, and claims adjuster. (Doc. 1-1 at 11, 131–133, 137–138). Without a single mention of Tower Hill, Vantage Risk removed the action on September 21, 2026, based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Promptly, Royal Foot moved to remand because diversity is incomplete given the presence of Tower Hill. (Doc. 15). Acknowledging that Tower Hill remains a party and is non-diverse, Vantage Risk opposes the motion and argues that removal was proper because Tower Hill filed a motion to dismiss in state court. (Doc. 18).

Because federal courts are courts of limited jurisdiction, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Moultrop v. GEICO General Ins. Co.*, 858 F. Supp. 2d 1342, 1344 (S.D. Fla. 2012) (citations omitted). Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity: all defendants must be diverse in citizenship from all plaintiffs. An exception to the complete diversity rule is fraudulent joinder, which occurs when a plaintiff includes a defendant for the sole purpose of obstructing subject-matter jurisdiction. To demonstrate fraudulent joinder, the defendant must show by clear and convincing evidence that either "(1) there is no possibility the plaintiff can establish a cause of action against the fraudulently joined party; or (2) the plaintiff fraudulently pleaded jurisdictional facts." *Otoh v. Fed. Nat'l Mortg. Ass'n*, No. 24-12431, 2025 WL 915028, *3 (11th Cir. Mar. 26, 2025).

Vantage Risk has fallen well short of its burden. In its notice of removal, Vantage Risk makes no argument whatsoever regarding fraudulent joinder; instead, it omits any mention of Tower Hill. (Doc. 1).[1] And in response to the motion to remand, Vantage Risk simply alludes to a motion to dismiss that Tower Hill filed in state court and offers nothing more than a conclusory suggestion that Tower Hill is

---

[1] As part of this ruse, Defendants and their counsel ignored Local Rule 3.03 and defied our Civil Action Order (Doc. 9) by electing not to file a Local Rule 3.03 disclosure for Tower Hill. And in line with this improper effort, the Notice of Removal did not include a consent from Tower Hill as required by 28 U.S.C. § 1446(b)(2)(A). Although compliance with this rule of unanimity is excused when the notice of removal expressly alleges fraudulent joinder of a nonconsenting party, the notice here made no such allegation.

here solely because it lacks diversity. (Doc. 18 at 2). This comes nowhere close to showing by clear and convincing evidence that Royal Foot cannot state a claim against Tower Hill.

As such, Vantage Risk has failed to demonstrate fraudulent joinder, and the incomplete diversity persists in obstructing jurisdiction. Accordingly, Royal Foot's motion (Doc. 15) is **GRANTED**.[2] If no Rule 72(a) objection is filed within 14 days, the clerk will be directed to remand the action.

---

[2] "Notwithstanding any provision of law to the contrary," the disposition of any issue by a magistrate judge may be reviewed by a district judge. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) (magistrate-judge orders are reviewable even when no party objects to them). So, while a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), a district judge may review a magistrate judge's remand order. *See Wyatt v. Walt Disney World, Co.*, No. 5:97-cv-116-V, 1999 WL 33117255, *5 (W.D.N.C. July 26, 1999) (holding that § 636(b)(1) trumps § 1447(d)).

Generally, parties who timely object to a magistrate judge's action are entitled to clear-error review. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C. § 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'").

A remand motion is not among the eight exceptions. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-cv-3088-LTS, 2016 WL 6080202, *4 (N.D. Iowa Oct. 17, 2016) ("Congress explicitly set out matters that are not within the authority of a magistrate judge … remand is not among them"); *Franklin v. City of Homewood*, No. CIV. A. 07-TMP-006-S, 2007 WL 1804411, *3 (N.D. Ala. June 21, 2007) (same); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand *as long as an opportunity was provided for any party to*

Additionally, Royal Foot requests fees and costs in connection with its remand motion under 28 U.S.C. § 1447(c). Fees and costs are appropriately awarded to a remanding plaintiff when "the removing party lacked any objectively reasonable basis for seeking removal." *24e Fitness, LLC v. Internal Credit Sys. Inc.*, No. 21-11888, 2022 WL 1222312, *2 (11th Cir. Apr. 26, 2022). Such is the case here.

The inescapable conclusion is that Vantage Risk deliberately and misleadingly omitted Tower Hill from its notice of removal to prevent us from catching the jurisdictional problem in the first instance.[3] Notably, this is not the first time Vantage Risk and its counsel essentially pretended in a notice of removal that a Tower Hill entity was not a named defendant. *See AUM Realty II FL, LLC v. Vantage Risk Specialty Ins. Co.*, No. 2:24-cv-635-SPC-NPM, 2024 WL 4045379,

---

*seek a Rule 72 review of the order.*") (emphasis added); *see generally* Peter J. Gallagher, In Search of A Dispositive Answer on Whether Remand Is Dispositive, 5 Seton Hall Circuit Rev. 303 (2009). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal-magistrate-judge statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; and a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.

It appears that no federal circuit court has taken issue with a magistrate judge's remand order that explicitly protects the parties' rights to request district-judge review, as is done here. And judicial efficiency—the very object of § 636 and the mandate of Civil Rule 1—compels this approach. An order to which there is no objection requires no further work by the district judge, but a recommendation—even in the absence of any objection—does. *Cf. Thomas*, 474 U.S. at 148 (requiring district-judge review of a magistrate judge's finding despite the absence of any objection would be "an inefficient use of judicial resources"). As the court sagely observed in *Johnson*, 313 F. Supp. 2d at 1273: "Why should the district judge be involved at all if no party timely objects to the order of remand?"

[3] Vantage Risk and Tower Hill share counsel (from the firm Bressler, Amery & Ross), so there is no basis for Vantage Risk to allege a mistake. (Doc. 1-3 at 1).

*2 (M.D. Fla. July 19, 2024).[4] Worse yet, we previously advised Vantage Risk and its counsel on how to properly plead citizenship for corporations and limited liability companies, and yet they failed to do so here. *Compare AUM Realty II FL, LLC*, 2024 WL 4045379 at *1–2 *with* Doc. 1 at 2–3; *see also RFG Petro Sys., LLC v. Martin*, No. 2:20-cv-656-JLB-MRM, 2020 WL 5554509, *1 (M.D. Fla. Sept. 16, 2020) (noting that the rule for LLC citizenship has been in place since 2004 and awarding § 1447(c) fees and costs because the notice of removal did not follow it). Finally, somewhat bizarrely—and tantamount to conceding that this case does not belong here—defense counsel filed Tower Hill's motion to dismiss in state court ***after*** the case was removed.[5]

Accordingly, we find Royal Foot is entitled to fees and costs because the removal was not objectively reasonable. By **December 11**, **2026**, the parties shall confer regarding the computation of hours and amount, and, if the parties are unable to agree, Royal Foot shall file a declaration stating the hours and rates sought. From the filing of any such declaration, Vantage Risk will have two weeks to respond.

Furthermore, by **November 20**, **2026**, Vantage Risk attorneys Hope C. Zelinger and Gregory S. Hoffman shall **SHOW CAUSE** why they should

---

[4] In the *AUM Realty* matter, Vantage Risk did not respond to our order directing it to supplement the glaringly deficient notice of removal. So the case was remanded.

[5] Given defense counsel's lack of candor, we discovered this by examining the state-court docket, of which we may take judicial notice. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020).

not be required to reimburse the court for the complete waste of time related to this improper removal and referred to our local grievance committee for an investigation and potential remedial action. *See* Civil Action Order (Doc. 9) at §§ 10.e., 16, and 17.

**ORDERED** on November 6, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge