**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | | |
|---|---|---|
| ROYAL FOOT, LLC.<br><br>Plaintiff,<br><br>**v.**<br><br>VANTAGE RISK SPECIALTY INSURANCE COMPANY and TOWER HILL INSURANCE GROUP, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: **2:26-cv-2616** |

**<u>DEFENSE COUNSEL'S RESPONSE TO ORDER TO SHOW CAUSE</u>**

1. Gregory S. Hoffmann, Hope C. Zelinger, and Bressler, Amery & Ross, P.C. respectfully submit this response to the Court's November 6, 2026, Order requiring counsel to show cause why they should not be required to reimburse the Court for time expended in connection with the removal and why they should not be referred to the Court's local grievance committee. Mr. Hoffmann submits this response with candor, apology, and acceptance of responsibility for the shortcomings in the Notice of Removal and the related procedural errors identified by the Court. Hope C. Zelinger joins this response to address shortcomings regarding Mr. Hoffmann's oversight, remedial measures the Firm intends to take, and to make clear that she was included as counsel of record in error and had no direct or indirect involvement

in preparing, approving, filing, or directing the removal papers or related state-court activity at issue. Mrs. Zelinger, however, takes full responsibility in her supervisory capacity and apologizes for all missteps in connection with the pursuit of this removal. The firm submits this response with respect for the Court and with acceptance of supervisory responsibility described below.

2. The underlying dispute has settled. Defendants are not objecting to the Order granting remand, and counsel does not use this response to relitigate removal, remand, or the fee award, which has been resolved as part of the settlement. This response addresses the Court's remaining show-cause concerns: what occurred, why the removal fell short of the standards this Court expects, what additional facts bear on intent and proportionality, why Mrs. Zelinger was improperly listed in the record, and what concrete corrective measures have been implemented to ensure that the same errors do not recur.

## I. Mr. Hoffmann Accepts Responsibility and Apologizes for the Deficiencies Identified by the Court

3. Mr. Hoffmann acknowledges at the outset that the Notice of Removal did not satisfy the level of care required for removal practice in this Court. Removal is a narrow statutory right, strictly construed, and a removing party bears the burden of pleading and proving federal jurisdiction. The Notice did not do so adequately. Mr. Hoffmann was the attorney responsible for the removal filing. He is a Principal of

the firm, has approximately 14 years of legal experience. Based on those facts, the firm presumed that the removal would be handled correctly. Mr. Hoffmann accepts responsibility for the deficient filing and apologizes to the Court and Plaintiff. The firm's responsibility is also real: the firm should have had a process capable of identifying that even an experienced Principal needed additional supervision on this removal, even though that need was not apparent to the firm at the time. Mrs. Zelinger was not involved in preparing, approving, filing, or directing the Notice of Removal, the response to the motion to remand, or the post-removal state-court activity involving Tower Hill. Unfortunately, as explained in more detail below, she was also unaware her name and bar number was added to the pleading and motions in this case. Once she became aware and prior to the court's order on remand, it was requested that she be removed from this matter as she had no involvement in developing or pursuing this strategy. Since Mrs. Zelinger was not ultimately removed, she takes full responsibility for the consequences.

4. Specifically, Mr. Hoffmann acknowledges the following deficiencies and clarifying facts:

a) Mr. Hoffmann attests that he did not recall this Court's order in *AUM Realty II FL, LLC v. Vantage Risk Specialty Ins. Co.*, No. 2:24-cv-635-SPC-NPM, 2024 WL 4045379, *2 (M.D. Fla. July 19, 2024) in preparation of the Notice of Removal in the present case and that is precisely why similar issues re-

appeared. This is the first case Mr. Hoffmann removed in approximately two years since the order in *AUM* and the undersigned should have recalled it but unfortunately did not.

b) Mr. Hoffmann profusely apologizes as he agrees there are several unaddressed issues in the Notice of Removal in the present case.

c) The decision to remove before resolving Tower Hill's state-court motion to dismiss was a mistake. In hindsight, seeking federal removal before first obtaining a ruling on the motion directed to the allegedly improper Tower Hill defendant created a procedural chain reaction. Mr. Hoffmann accepts responsibility for that judgment and for the related state-court procedural error.

d) The Notice of Removal omitted Tower Hill Insurance Group, LLC from the federal caption and party allegations, and it did not plead Tower Hill's consent to removal or a legally sufficient basis for excusing that consent. That omission was not intended as a ruse, deliberate omission, lack of candor, or attempt to conceal Tower Hill's existence. The state-court complaint, state-court docket, and all state-court filings attached to the Notice identified Tower Hill as a defendant, and those materials included multiple documents listing Tower Hill in the case caption. The pleading itself nevertheless should have

preserved the full case style or expressly explained why Tower Hill's citizenship and consent were not being considered.

e) The Notice did not assert or support fraudulent joinder. Mr. Hoffmann consulted Tower Hill about its options and it approved the removal, but the Notice did not say so. Further, Mr. Hoffmann omitted Tower Hill's consent because he believed, incorrectly, that including Tower Hill's consent could waive the position that Tower Hill was an improper defendant. Mr. Hoffmann has since researched the issue further, recognizes that reasoning was erroneous, and does not ask the Court to excuse the omission. Defendants also do not intend to press a fraudulent-joinder argument in this response as the case is now settled. However, Mr. Hoffmann did believe Tower Hill was fraudulently joined but was unaware that the Notice of Removal was where he had to prove such a fact.

f) The citizenship allegations were deficient. Mr. Hoffmann did not trace Royal Foot's LLC citizenship through its members; his later review identified Royal Foot, LLC as a Florida limited liability company with Florida addresses and Kevin K. Lam as manager, but that information did not cure the pleading omission. The Notice also alleged that Vantage Risk was an Illinois corporation with "headquarters" in Illinois, even though Mr. Hoffmann's later review identified Vantage Risk's website as listing offices in multiple

jurisdictions and a headquarters in Bermuda. Mr. Hoffmann explains that the Illinois address came from the policy's signature page, which listed River Point, 17th Floor, 444 W. Lake Street, Chicago, Illinois, but he accepts that the Notice should have pleaded Vantage Risk's citizenship accurately as well as where the principal place of business is, and not just its headquarters. Mr. Hoffmann also acknowledges that Tower Hill Insurance Group, LLC is a Florida entity, that Defendants make no argument that diversity exists between Royal Foot and Tower Hill, and that the Notice should have dealt directly with that issue.

g) The Notice did not use the clearest record evidence of the amount in controversy and did not maintain disciplined post-removal state-court practice. Mr. Hoffmann relied on the complaint, notice of intent to litigate, and civil cover sheet, but Plaintiff's initial disclosures stated compensatory damages of $226,128.55 after application of the policy deductible and prior payments, exclusive of attorneys' fees, taxable costs, and interest. Mr. Hoffmann acknowledges that failure to include that clearer statement was an oversight. Separately, the post-removal state-court activity involving Tower Hill created confusion and reasonably contributed to the Court's concern. Once the case was removed, counsel should have ensured that all activity was

consistent with removal and with the position that federal jurisdiction had been invoked.

5. Mr. Hoffmann regrets these errors, and the firm regrets that its review process did not identify the need for additional supervision before the Notice was filed. This response is not intended to minimize the multiple deficiencies. The Notice of Removal should have been captioned and pleaded to account for every named party, should have included a complete citizenship analysis, should have addressed the rule of unanimity, should have included the clearest amount-in-controversy record evidence, and should have set out any fraudulent-joinder or improper-defendant theory with supporting facts and authority. Mr. Hoffmann, Mrs. Zelinger, and the firm at large apologizes for the deficiencies.

## II. Additional Context Bearing on Intent and Proportionality

6. Counsel respectfully submits that the errors were not made with an intent to mislead the Court, to conceal a jurisdictional problem, or to hide Tower Hill's existence. Mr. Hoffmann recognizes the seriousness of the Court's use of terms such as ruse, deliberate and misleading omissions, and lack of candor, and he apologizes for any impression that the filing created. The intended substantive premise was that Tower Hill was not a party to the insurance contract and served, at most, as a claim administrator, general agent, or adjuster for Vantage Risk. Under Florida law, an

adjuster acts on behalf of the insurer, and Florida courts have held that an insured generally cannot maintain a simple negligence claim against an independent insurance adjuster absent an intentional tort. See King v. National Security Fire & Casualty Co., 656 So. 2d 1338, 1339 (Fla. 4th DCA 1995). Federal courts applying Florida law have likewise recognized that where an insured asserts negligent adjustment claims against insurer-side adjusters, there may be no viable state-law claim against those adjusters. See Fontainebleau Gardens Condominium Ass'n v. Pacific Insurance Co., 768 F. Supp. 2d 1271, 1275–76 (S.D. Fla. 2011).

7. That context matters only to intent. It does not excuse the pleading failures. If counsel intended to rely on Tower Hill's improper-defendant status as a basis for removal despite Tower Hill's Florida citizenship, the Notice needed to say so expressly, identify the applicable standard, plead the facts showing why Tower Hill was not a proper party, support those facts with record evidence where appropriate, and address the effect of Tower Hill's consent or non-consent. Mr. Hoffmann also filed his state court Motion to Dismiss as an exhibit to Defendant's Response in opposition to Plaintiff's Motion to Remand. These actions were all taken before the Court addressed the issues that brought about this Response and demonstrate a lack of intent. Mr. Hoffmann now recognizes the appropriate way to follow the Federal Rules and understands that much of this process was explained to him in the court's previous *AUM* order.

8. The *AUM* matter provides additional context, but not an excuse. Mr. Hoffmann acknowledges that the Court had previously identified removal deficiencies in *AUM* and that he should have recalled that order when preparing the Notice here. He did not recall it. Mr. Hoffmann also attests that the reason he did not look to reference the *AUM* order was he believed the facts of this case to be materially different. *AUM* involved materially different party and policy facts: *AUM* included one Vantage Risk policy and one Tower Hill policy asserted in separate counts, while this case involves no Tower Hill policy, no Tower Hill policy number, no Tower Hill insured premises, and no Tower Hill insurance application. Even so, Mr. Hoffmann accepts that those distinctions did not excuse the procedural error of removing before resolving Tower Hill's status and did not excuse the deficient removal pleading.

## III. Mrs. Zelinger's involvement and culpability

9. Mr. Hoffmann further clarifies that Hope C. Zelinger's appearance in the case was an error. The matter was assigned to Mr. Hoffmann to handle removal. Mrs. Zelinger is the Managing Principal of the firm's Florida office, and she was included as co-counsel in prior removal matters, including *AUM*. In this matter, however, she did not request to be included as counsel, did not participate in the removal strategy, and first became aware that she had been included when the Court issued a notice of non-compliance regarding her standing in the Middle District. Mr. Hoffmann was

asked to have Mrs. Zelinger removed from the case because she was not involved in this matter. Staff was then instructed to withdraw her from the case. Despite the instructions, staff did not remove Mrs. Zelinger from the case due to a misunderstanding. Specifically, when Mr. Hoffmann saw that Mrs. Zelinger's assistant had filed a Notice of Compliance with her standing in the Middle District and copied her on email confirmation of this, Mr. Hoffmann assumed that Mrs. Zelinger had a change of heart and did want to be on the file. This was an assumption and was not the case.

10. Mrs. Zelinger does accept responsibility as the Managing Principal of Mr. Hoffmann's office. Mrs. Zelinger apologizes for the non-compliant motion filed by one of her attorneys. Mrs. Zelinger also apologizes that her name and bar number were filed with this case inadvertently and that there was not a better system in place to prevent such a mistake and not ensure it was timely corrected after it was caught. Mrs. Zelinger, on behalf of Bressler, Amery, and Ross also apologizes that an attorney at the firm would make filings in this court without the due diligence and careful research to ensure all filings were appropriate, sufficient, and not perceived as misleading.

## IV. The Firm Has Implemented Corrective Measures

11. Bressler, Amery & Ross has implemented, and will continue to enforce, concrete remedial measures directed specifically to the supervision of principals at the firm by shareholders at the firm. Additionally, Mrs. Zelinger's entire practice area that she supervises will undergo an in-house training on how to properly remove a case to Federal Court, and how to handle a case with an improperly joined Defendant as well as general training on the Federal Rules of Procedure. Additionally, non-shareholder Principals in Mrs. Zelinger's group will not be permitted to make filings in Federal Court without a shareholder's prior review.

12. For this matter, counsel has reviewed the Court's Order with Mr. Hoffmann, the litigation team responsible, and firm management. Counsel has also reviewed the *AUM* order and the deficiencies identified there so that those lessons are incorporated into the new checklist.

## V. Professional Responsibility Framework

13. Counsel recognizes that the Court's concerns implicate professional responsibilities beyond ordinary motion practice. The Middle District's Local Rule 2.04 authorizes the Court for good cause, to discipline a member of the Middle District bar or a lawyer appearing by special admission, and it establishes local grievance committee procedures for investigation of alleged lawyer misconduct.

Local Rule 2.04 also requires a lawyer to respond to and fully cooperate with a committee investigation. If necessary, counsel will do so.

14. Florida Rule of Professional Conduct 4-1.1 requires competent representation, including the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. Mr. Hoffmann acknowledges that the Notice of Removal did not reflect the thoroughness required for a removal involving an LLC plaintiff, multiple defendants, a non-diverse defendant, a potential fraudulent-joinder or improper-defendant theory, unresolved state-court motion practice, party-consent issues, and amount-in-controversy proof. The firm acknowledges that, despite Mr. Hoffmann's status as a Principal, his years of experience, the matter should have received additional review.

15. Florida Rule 4-3.1 requires that a lawyer not assert an issue unless there is a basis in law and fact that is not frivolous. Mr. Hoffmann continues to believe there was a good-faith substantive basis to challenge Tower Hill's status as a defendant because Tower Hill did not issue the applicable policy, there was no contract between Plaintiff and Tower Hill, and there was no Tower Hill policy number, insured premises, or application in this case. He acknowledges, however, that a good-faith substantive theory still must be presented through the proper procedure and pleaded and supported properly if used as a basis for removal.

16. Florida Rule 4-3.3 requires candor toward the tribunal. Mr. Hoffmann understands the Court's concern that the omission of Tower Hill from the Notice and the failure to address Tower Hill's consent could be viewed as a lack of candor. He did not intend to mislead the Court, to omit Tower Hill's existence, or to create any ruse; Tower Hill was identified in the state-court materials attached to the Notice, and Tower Hill had in fact approved the removal. Mr. Hoffmann also filed his state court Motion to Dismiss as an exhibit to Defendant's Response in opposition to Plaintiff's Motion to Remand. These actions were all taken before the Court addressed the issues that brought about this Response. Even so, Mr. Hoffmann accepts that the Notice itself failed to present the material party, consent, and jurisdictional information with the transparency the Court was entitled to expect.

17. Florida Rule 4-5.1 addresses responsibilities of partners, managers, and supervisory lawyers. Mr. Hoffmann accepts responsibility for the deficient removal filing, the decision to remove before resolving Tower Hill's status, the failure to recall and account for the AUM order, the failure to include Tower Hill's consent and the clearest amount-in-controversy evidence, and the failure to ensure Mrs. Zelinger was withdrawn based on a misunderstanding. The firm does not seek to deflect all responsibility from itself; it acknowledges that its procedures should have identified the need for additional supervision even for an experienced Principal when a removal presents multiple-defendant, non-diverse-party, LLC-citizenship,

amount-in-controversy, consent, or improper-defendant issues. The corrective measures described above are directed at that supervision, training, and quality-control gap.

## VI. Proportionate Relief Is Appropriate

18. Mr. Hoffmann and the firm respectfully request that the Court accept this response, discharge the show-cause order, and decline to refer counsel to the local grievance committee. Mrs. Zelinger separately requests discharge of the show-cause order as she was included as counsel in error, did not ask to be included, did not participate in the removal strategy or drafting, and was not aware she had not been withdrawn until the remand order was entered.

19. Several considerations support proportionate relief. First, Mr. Hoffmann has candidly acknowledged the deficiencies identified by the Court and apologizes for them. Second, the firm has implemented specific corrective procedures designed to prevent recurrence and to ensure that experienced attorneys, including principals, receive second-attorney review in complex removal matters. Third, the record facts show that counsel did not try to hide Tower Hill's existence but rather left them off due to a misunderstanding of the proper procedure: the state-court complaint, docket, and filings attached to the Notice identified Tower Hill, and Tower Hill had approved the removal and fraudulent joinder strategy. Further, the State Court

Motion to Dismiss was filed as an exhibit to Defendant's response to Plaintiff's Motion to Remand prior to this Court's Order on said Remand. Fourth, the underlying matter has settled, including the amount of fee entitlement arising from this Order, eliminating ongoing prejudice to Royal Foot or further consumption of judicial resources on the merits of the removed action. Fifth, the substantive Tower Hill non-privity issue had a good-faith basis under Florida law and the case-specific insurance facts, even though it was not properly presented in the Notice of Removal. Sixth, Mr. Hoffmann, Mrs. Zelinger, and the firm will cooperate fully with the Court and with any inquiry the Court deems appropriate.

20. Counsel appreciates the seriousness of the Court's Order. The deficiencies in the Notice of Removal should not have occurred. Mr. Hoffmann has accepted responsibility for the defective filing and related procedural errors, and he is prepared to appear personally before the Court to answer questions and apologize in person if the Court would find that helpful. Mrs. Zelinger likewise apologizes for her part. The firm has treated the Order as requiring targeted institutional correction to ensure that future removals receive appropriate review regardless of the responsible attorney's title or experience. Counsel respectfully submit that the corrective measures, the candid acknowledgment of error, the attached state-court materials' disclosure of Tower Hill's existence, Tower Hill's actual approval of removal, Mrs. Zelinger's contrition as the managing principal, and the absence of

deliberate misrepresentation warrant discharge of the show-cause order without further sanctions or grievance referral.

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**
Counsel for Defendants Vantage Risk Specialty Insurance Company and Tower Hill Insurance Group, LLC

By: /s/ Gregory S. Hoffmann
/s/ Hope C. Zelinger
Gregory S. Hoffmann, Esq.
Florida Bar No. 97955
Hope C. Zelinger, Esq.
Florida Bar No. 92173
515 East Las Olas Boulevard, Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 499-7979
hzelinger@bressler.com
ghoffmann@bressler.com
miainsurance@bressler.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on November 18, 2026, by filing the same with the Court and by electronic mail to the following:

Danny Jacobo, Esq.
*Counsel for Plaintiff*
**MARANGES, PLLC**
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone: (561) 210-9151
Facsimile: (954) 337-5855

Danny E. Jacobo
Florida Bar No. 1011000
danny@marangeslaw.com
Christopher J. Maranges
Florida Bar No. 69875
chris@marangeslaw.com

*/s/ Gregory S. Hoffmann*

**Gregory S. Hoffmann, Esq.**
*/s/ Hope C. Zelinger*

**Hope C. Zelinger, Esq.**